**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RHONDA LEONA BROWN FLEMING, et al.**,<br>Plaintiffs,<br><br>v.<br><br>**THE CHEROKEE NATION, et al.**,<br><br>Defendant. | Case No. 1:18-cv-02041 (TFH) |

**OPINION AND ORDER**

Before the Court is Plaintiffs' [2] Motion for Temporary Restraining Order. Plaintiffs seek an order restraining enforcement of Article VII, Section 2 of the Cherokee Nation Constitution, which limits eligibility for election to the office of Principal Chief to Cherokee "citizen[s] by blood" who are domiciled within the boundaries of the Cherokee Nation for at least 270 days prior to the election. According to Plaintiffs' application, the next election is set for June 1, 2019. Although the Complaint and accompanying pleadings are somewhat confusing in this regard, the Court calculates that 270 days before June 1, 2019, is today, Tuesday, September 4, 2018.

This case is assigned to Senior District Judge Thomas F. Hogan, as a related case to Cherokee Nation v. Nash, No. 1:13-cv-0131-TFH, in which Judge Hogan recently issued a comprehensive ruling on the legality of the Cherokee Nation's denial of citizenship to Cherokee Freedmen. As described in more detail below, Plaintiffs filed their application on August 30, 2018, the eve of the Labor Day holiday weekend. Judge Hogan was absent from the court when the application was filed. Because it appeared that action on the application might be required today, the undersigned has considered that application as the scheduled emergency motions judge pursuant to Local Rule 57.8(c).

The Court was prepared to hold a telephonic hearing on the application later today. The Court has concluded that a hearing is no longer necessary. Accordingly, for the reasons that follow, the Court will vacate the scheduled hearing and deny Plaintiffs' Motion.

**I. Compliance with Local Rule 65.1**

Local Rule 65.1(a) requires counsel for an applicant for a temporary restraining order to certify that "actual notice of the time of making the application, and copies of all pleadings and papers filed in the action to date . . . have been furnished to the adverse party." In lieu of actual notice, the Rule allows counsel to make clear "the efforts made by the applicant to give such notice." Id. The [4] Certificate filed by Plaintiffs' counsel falls far short of these requirements.

Plaintiffs' counsel certified that notice was provided by facsimile or email to the six defendants. According to the exhibit to that certificate, Plaintiffs' counsel attempted to serve Defendants, by email, at 6:36 PM on Thursday, August 30, 2018—in other words, after business hours the day before the start to a holiday weekend. Moreover, of the five email addresses to which Plaintiffs purport to have provided notice, four are generic government addresses—askdoj@usdoj.gov, dc.outreach@usdog.gov, election-commission@cherokee.org, communications@cherokee.org—unlikely to be checked in the hours leading up to a long weekend. Plaintiffs did use one individual email address—that of a "Londa Cox" at londacox@cherokee.org—but fail to indicate why they selected that address in order to serve Principal Chief Bill John Baker or why notice to that individual would provide notice to the other defendants or their counsel. Plaintiffs' counsel's attempts to provide notice by fax inspire even less confidence. The fax report attached to the certificate indicates that only two of thirteen

attempts actually received an "OK" response. The rest received either "COMM Error" or "Line Busy" notifications. This is not the kind of "actual notice" contemplated by Local Rule 65.1(a).[1]

"Except in an emergency, the Court will not consider an ex parte application for a temporary restraining order." Local Rule 65.1(a). Plaintiffs fail to demonstrate why this is such an emergency. Accordingly, the Court denies Plaintiffs' application due to lack of proper certification that the opposing parties were provided actual notice in sufficient time to oppose the relief sought. The Court also vacates the telephone hearing scheduled for Tuesday, September 4, 2018, at 2:00 PM.

**II. Failure to show irreparable harm**

In any event, Plaintiffs fail to establish that they are entitled to the extraordinary remedy of a temporary restraining order. The burden is on a plaintiff to show "[1] that [she] is likely to succeed on the merits, [2] that [she] is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [her] favor, and [4] that an injunction is in the public interest." Sherley v. Sebelius, 644 F.3d 388, 392 (D.C. Cir. 2011) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Hall v. Johnson, 599 F. Supp. 2d 1, 3 n.2 (D.D.C. 2009) (explaining that "[t]he same standard applies to both temporary restraining orders and to preliminary injunctions").

Plaintiffs fail to meet that burden with respect to the second factor. Plaintiff Fleming argues that without the benefit of a temporary restraining order, she will be forced to undergo a costly, and potentially impossible, move from California to the Cherokee Nation by today in

---

[1] Notwithstanding Plaintiffs' failure to ensure actual notice by the defendants, Cherokee Nation Attorney General M. Todd Hembree filed an appearance of counsel on behalf of Defendants Cherokee Nation and Principal Chief Bill John Baker at 10:01 AM, September 4, 2018. No other defendant has appeared as of the issuance of this order.

order to satisfy the domicile requirement of Article VII, Section 2. In essence, she seeks a prospective suspension of this domicile requirement in order to litigate Article VII, Section 2's "citizen by blood" requirement. However, she fails to explain why the prospective relief sought—to the extent such relief is available pursuant to the Court's equitable powers—would not be available in the form of retrospective waiver of the Cherokee Nation Constitution's domicile requirement should the Court ultimately conclude that "citizen by blood" requirement is unlawful.

## III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [2] Plaintiffs' Motion for Temporary Restraining Order is **DENIED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: September 4, 2018