# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| RHONDA LEONA BROWN FLEMING, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE CHEROKEE NATION, *et al.* <br><br> Defendants. | Civil Action No. 18-02041 (TFH) |

## MEMORANDUM OPINION

Pending before the Court are motions to dismiss the plaintiffs' complaint filed by the Department of the Interior, the Secretary of the Interior and the Assistant Secretary—Indian Affairs Tara Maclean Sweeney (the "federal defendants") [ECF No. 10], and the Cherokee Nation, the Cherokee Nation Election Commission, and the Principal Chief of the Cherokee Nation Bill John Baker (the "tribal defendants"), [ECF No. 11]. The plaintiffs did not file an opposition to the motions to dismiss. Also pending before the Court is plaintiff Rhonda Leona Brown Fleming's renewed motion for a preliminary injunction, [ECF No. 15], which defendants opposed, [ECF Nos. 16 & 17].

## Background

The plaintiffs are Rhonda Leona Brown Fleming, a Cherokee citizen and descendent of an individual listed on the Dawes Commission's Final Roll of Cherokee Freedmen, and the Harvest Institute Freedman Federation, LLC. Compl. ¶¶ 10-11; Fleming Aff. ¶ 2 [ECF No. 15-2]. Although she does not say so explicitly, it appears that Ms. Fleming would like to run for the position of Principal Chief of the Cherokee Nation. The plaintiffs assert that Article VII, Section

2 of the Cherokee Nation Constitution, which limits eligibility for election to the office of Principal Chief to Cherokee "citizen[s] by blood" who are also domiciled within the boundaries of the Cherokee Nation for at least 270 days prior to the election, is barring Ms. Fleming from running for office. Compl. ¶ 2. The election is scheduled for June 1, 2019. *Id.*

Along with the complaint, on August 30, 2018, Ms. Fleming filed a motion for a temporary restraining order seeking to restrain the enforcement of the "citizen by blood" provision of the Cherokee Nation Constitution. [ECF No. 2]. The Court denied the motion and found, *inter alia*, that the plaintiff failed to explain why the relief she sought "would not be available in the form of a retrospective waiver of the Cherokee Nation Constitution's domicile requirement" if the Court found the "citizen by blood" requirement unlawful. [ECF No. 7].

The federal and tribal defendants moved to dismiss the plaintiffs' complaint on December 4, 2018. [ECF Nos. 10 & 11]. The plaintiffs' opposition was due by December 18, 2018, but they did not file one. On January 2, 2019, counsel for the plaintiffs moved for an extension of time to respond to the motions. [ECF No. 12]. Counsel did not address why he filed his motion for an extension after the opposition was due. Rather, he described his work on other cases in November and December, implying that he was unable to meet the deadline due to those engagements. He requested that the plaintiffs' opposition be due on January 21, 2019, although he did not file one on that date (or on any other date). *Id.* at 3. The tribal defendants opposed the motion for an extension, arguing that the plaintiffs did not demonstrate the excusable neglect required to justify an extension. [ECF No. 13]. They also asked that the Court treat their motion to dismiss as conceded under Local Civil Rule 7(b). *Id.* at 3. The Court did not rule on the motion at that time.

2

On March 22, 2019, Ms. Fleming filed a renewed motion for a preliminary injunction. [ECF No. 15]. She argued that she would be irreparably harmed if she moved to the Cherokee Nation to meet the Cherokee Nation Constitution's 270-day domicile requirement, because the defendants might disqualify her from running in the election based on the "citizen by blood" requirement. Fleming Aff. ¶ 8. The federal and tribal defendants opposed the motion. [ECF Nos. 16 & 17].

On April 11, 2019, the Court issued the following minute order:

> MINUTE ORDER: Because the date of the election for Principal Chief of the Cherokee Nation is June 1, 2019, the Court finds that there is no immediate need for a hearing, and that a hearing date more than 21 days after plaintiff's filing of her renewed motion for a preliminary injunction will not prejudice the parties. LCvR 65.1(d). Further, the Court hereby GRANTS [12] plaintiff's first motion for an extension of time to respond to defendants' motions to dismiss. The plaintiff shall file her response by Monday, April 22, 2019.

Minute Order, Apr. 11, 2019.[1] Instead of responding to the motions to dismiss as ordered by the Court, on April 22, 2019, the plaintiffs filed a reply to the opposition to Ms. Fleming's motion for a preliminary injunction.[2] [ECF No. 18]. The plaintiffs still have not responded to the motions to dismiss.

---

[1] Federal Rule of Civil Procedure 6(b) allows a court to extend filing deadlines after they have passed if there is "good cause" and "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). In order to determine whether a failure to act constitutes excusable neglect, courts consider "all relevant circumstances" including "(1) the risk of prejudice to the other side; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay and whether it was within counsel's reasonable control; and (4) whether counsel acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 479 (D.C. Cir. 2016) (discussing *Pioneer*, 507 U.S. at 395)). Counsel's excuse that he was too busy to meet the filing deadline was deficient. *See, e.g., Anyaso v. United States Capitol Police*, No. 12-cv-1327, 2014 WL 12780293, at *3 (D.D.C. Feb. 27, 2014) ("this Circuit and courts across the nation have long considered personal and professional commitments an insufficient justification for excusable neglect."). However, the Court granted the motion because the Court had no reason to question counsel's good faith and, given the early stages of the litigation, the delay would pose little risk of prejudice to the defendants and would minimally impact the proceedings.

[2] Although the plaintiffs' filed a joint reply, only Ms. Fleming filed the motion for a preliminary injunction.

## Analysis

Local Civil Rule 7(b) provides the following:

> Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

LCvR(7)(b). The Rule is a "docket-management tool that facilitates efficient and effective resolution of motions . . . ." *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). The D.C. Circuit has "endorsed dismissing a complaint pursuant to Local Rule 7(b) if the plaintiff failed to timely file a response in opposition to the defendant's FRCP 12(b)(6) motion to dismiss." *Wash. All. of Tech. Workers v. United States Dep't of Homeland Sec.*, 892 F.3d 332, 344 (D.C. Cir. 2018); *see Fox*, 389 F.3d at 1294 (affirming the application of Local Rule 7(b) for failure to oppose a motion to dismiss). The D.C. Circuit has, however, expressed concern that "[a]pplying Local Rule 7(b) to grant an unopposed motion to dismiss under Federal Rule 12(b)(6) risks circumventing the clear preference of the Federal Rules to resolve disputes on their merits," particularly when "dismissal has preclusive effect." *Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 482 (D.C. Cir. 2016).

Nearly five months have passed since the plaintiffs' opposition was due pursuant to Local Civil Rule 7(b). The only step the plaintiffs have taken to remedy their failure to oppose the motions was to belatedly file a motion for an extension. Even when the Court granted that motion and set a new deadline for a response, the plaintiffs still failed to oppose the motion. Accordingly, the Court will grant the motions to dismiss as conceded under Local Civil Rule 7(b). *See Fox*, 389 F.3d at 1294 (affirming dismissal of a complaint with prejudice for failure to respond); *Cohen*, 819 F.3d at 483-84; 481 (emphasizing that "in *Fox*, counsel had failed to respond *at all* to the motion to dismiss for the eight months that proceeded the district court's

4

dismissal of the complaint," and that the Circuit has "yet to deem a 'straightforward application of Local Rule 7(b)' an abuse of discretion.") (quoting *Fox*, 389 F.3d at 1294). However, the Court is mindful of the preference under the Federal Rules of Civil Procedure for deciding cases on the merits. Accordingly, the Court will dismiss the complaint without prejudice.

Because the complaint will be dismissed, the plaintiff's motion for a preliminary injunction will be denied as moot.

May 14, 2019

                                                        Thomas F. Hogan
                                                 SENIOR UNITED STATES DISTRICT JUDGE